LYDIA SCHASCHLO, Appellant, *v.* JEROME TAISHOFF, Respondent.

First Department, May 15, 1956.

*David P. Siegel* for appellant.

*John McKim Minton* of counsel (*Rudolph Stand* with him on the brief; *John McKim Minton*, attorney), for respondent.

Cox, J. An order of filiation entered in the Court of Special Sessions in a paternity proceeding required the defendant, among other things, to pay for the support and maintenance of a child born out of wedlock, $40 per week to January 15, 1956, and $30 thereafter until the child is 16 years of age.

The complainant mother was represented by counsel of her own choice until the day of trial when counsel became ill and left the courtroom. The assistant corporation counsel assigned to the Paternity Part of the Court insisted on trying the case for the complainant apparently against her wishes. In cases where the mother is likely to become a public charge, the commissioner of welfare, by section 64 of the New York City Criminal Courts Act, is authorized to bring the proceeding. In this case, however, no attempt was made to substitute the commissioner of welfare as complainant. Under the circumstances, the matter should have been adjourned to permit the complainant to have counsel of her own selection. But this fact alone does not appear to have prejudiced her position in the case.

The court, fixing the amount to be paid by the defendant, did not inquire into the financial resources of the parents as required by statute, but merely the station of life of the child's mother. Nevertheless, the attorney for the defendant, to avoid inquiry and investigation concerning the client's financial ability, conceded that he was capable of paying any award that the court would make, with certain limitations as set forth in the case of *Fowler* v. *Rizzuto* (205 Misc. 1088).

We do not disregard entirely the phrase in the statute "financial ability of the parents" (N. Y. City Crim. Cts. Act, § 61, subd. 4, par. [a]). While it is true that the station in life of

the mother is an important element in fixing the amount, nevertheless the amount fixed must also be in accordance with the financial ability of the parents. We recognize that a natural child does not enjoy the same benefits under law as a legitimate child. Nevertheless, its support should not be limited to a miserly sum of money when one of its parents is financially able to pay an unlimited amount for the upbringing of his child. Necessarily the station in life of the complainant may not be advanced because of the amount awarded for the education and maintenance of her natural child. However, it is entirely possible to make adequate payment for the education, maintenance and support of the child without advancing the station in life of the child's mother. There is no basis for the statement made by one of the learned Judges that there is a limitation under the law as to the maximum sum that may be paid for the support of an infant other than that appearing in paragraph (a) of subdivision 4 of section 61 of the New York City Criminal Courts Act.

The order should be modified to award $75 per week until the child reaches age five and $50 thereafter without prejudice to an application should circumstances warrant.

BREITEL, J. P., BOTEIN, FRANK and VALENTE, JJ., concur.

Order unanimously modified to award $75 per week until the child reaches age five and $50 thereafter, without prejudice to an application should circumstances warrant and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.